326 So.2d 24 (1976)
Kingdon R. WESTERLIND, Appellant,
v.
Arthur M. DEHON and Betty Kay Dehon, His Wife, Appellees.
No. 75-19.
District Court of Appeal of Florida, Fourth District.
January 16, 1976.
Rehearing Denied February 17, 1976.
*25 Philip H. Reid, Jr., Palm Beach, and James J. Butler, Stuart, for appellant.
Gerald S. James, Fort Pierce, for appellees.
WALDEN, Chief Judge.
Sellers brought a claim against purchaser for breach of contract in a real estate purchase. Purchaser appeals the resulting final judgment directing him to forfeit a real estate deposit, pay interest on that deposit, and pay attorney's fees and costs. We reverse.
Purchaser entered into a contract for a parcel of land. The contract contained the express provision:
"That this project is located within the city limits of the City of Stuart and is not under the jurisdictional control of the Martin County government."
Purchaser testified he made the contract based on the understanding  and the express provision  that the property was so located. He refused to close the transaction when it became known to him that the annexation of certain property by the City of Stuart (including the property under contract) was being contested in court at the time the contract was signed.
*26 The theories of marketability, fraud, misrepresentation and mistake, have all been represented to us on this appeal. We find there was no fraud or misrepresentation. It is conceded that neither party knew of the existing litigation when the contract was made. There is no marketability problem  the land is fully saleable. There can be no comfort in the theory of mistake  the property is presently covered by an ordinance that purports to annex the property to the City of Stuart. The problem is whether the purchaser had the right to object to the property tendered to him. We hold that he did have such right. Purchaser would not have contracted to purchase the land unless it was lawfully in the City of Stuart; he did not intend to contract to purchase into the lawsuit then pending.[1] The purchaser here desired Stuart property because of its more lenient zoning and planning laws  Martin County laws being more stringent.
A purchaser can not be made to accept the property when he may have to litigate to obtain that property in the condition for which he contracted. See, 8A Thompson on Real Property, Vendor and Purchaser, § 4482 (1968):
"A title is `unmarketable' when for the purchaser to accept the title proffered would lay him open to a fair probability of vexatious litigation with the possibility of severe loss." Id. at 490.[2]
It is of no use for seller to claim that purchaser, who wished to develop the property, might have availed himself of the Stuart laws (and begun construction) because the purchaser may then have been subject to litigation and possible serious losses (especially since he was apprised of the attack on the Stuart annexation) should the contest against annexation be successful and the more stringent Martin County laws attach. Purchaser's counsel had advised him that it was more than likely that the Stuart ordinance would be found invalid.
In 77 Am.Jur.2d, Vendor and Purchaser § 211 (1975), it is stated that a court of equity may refuse to require a purchaser who has contracted for a title without encumbrances, to accept the title where doubt exists as to whether or not it is subject to restrictive covenants. Analogously, this purchaser, who contracted for land with Stuart zoning laws, did not breach the contract where there was doubt, because of existing litigation, as to whether or not that property was instead subject to Martin County zoning regulations. See, 8A Thompson on Real Property, Vendor and Purchaser § 4484, supra:
"It is possible for a title to be `marketable' and yet contain such collateral infirmities as would deny specific performance to the vendor." Id. at 504.
and 33 Fla.Jur., Vendor and Purchaser § 65 (1960):
"If a contract for the sale of land expressly stipulates as to the character of the title to be provided by the vendor, such stipulation is controlling, and if the title tendered does not conform to it, it is immaterial that it may in fact be a good or marketable title." Id. at 425.
The problem can be analogized to an attempted property sale in which the seller's title is being challenged, or to an attempted *27 property sale where the property (or portions of it) is being condemned. 33 Fla. Jur., Vendor and Purchaser § 76 (1960):
"Where the vendor has the obligation to convey a good title free and clear of all encumbrances, the pendency of condemnation proceedings at the time of making the contract constitutes a defect or encumbrance in the vendor's title that entitles the purchaser to reject it." Id. at 433.
See, 8A Thompson on Real Property, Vendor and Purchaser § 4484, supra.
See, Monroe Landholding Corp. v. Maier, 223 So.2d 377 (Fla.App.2d 1969), in which a purchaser and seller executed a contract for real property without knowing that the property was going to be taken by the state. The Second District noted:
"The time for Monroe to have made some move to `get off' the deal was at the time it learned of the Road Department's definite intention to acquire the property and close off the adjacent highway frontage, or a reasonable time thereafter. But when the buyer, in effect, confirmed and ratified the purchase by doing nothing except to obtain extension of time to close, he cannot thereafter be heard to recant and disavow the written agreement." (Emphasis supplied.) Id. at 379.
This purchaser made his move to "get off" the deal by refusing to close when he discovered the existing litigation jeopardizing his right to property in Stuart. Purchaser exercised his right to reject the property made unacceptable by the encumbrance of the pending lawsuit which might have resulted in his obtaining property subject to different restrictions than for which he contracted. The provision for property to be in Stuart was a dependent covenant and seller has breached by not being able to tender at closing the Stuart property he contracted to sell, free from the question as to its governmental location.
The facts in the case justify purchaser's rejection of the property before closing. Therefore, the appealed judgment is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
DOWNEY, J., and McCAULEY, JAMES A., Associate Judge, concur.
NOTES
[1] We do not face the problem of what would have occurred if the annexation suit had arisen after the signing of the contract. That would raise the issue of risks respectively assumed or retained by buyer or seller as to real property after the execution of a buy and sell contract. See 7 Williston on Contracts, Contracts for the sale of Land ..., Chap. 32, p. 699 n. 11, (1963).
[2] We are careful to note, however, that the property here is clearly marketable, and the defect in the tendered property results from the provision in the contract that the land be in Stuart. The land's not being so located, the property is personally and legally unsatisfactory to defendant-purchaser. The references here to unmarketable titles are for the purpose of analogy only.