DAUKSCH, Judge.
This is an appeal from a Summary Final Judgment in a suit to specifically enforce a real property purchase and sale contract. Appellee is the seller and Appellant is the buyer.
The primary issue in this matter is a contract provision which provides:
“3. SELLER’S REPRESENTATIONS:

(h) At the time of settlement and passing of title, the premises shall be zoned by the City of Sunrise to a (sic) R-4 zoning classification which will permit construction of multi-unit residential buildings either for rental purposes or for sale as condominium units up to Twenty Five (25) units per gross acre.”
This contract provision is clear and unambiguous in saying that up to twenty-five condominium units per acre may be built on the land at the time of passing of title. After the contract was executed the City of Sunrise passed an ordinance changing the density limitations in R-4 zoning classification to a maximum of fifteen dwelling units per acre. The ordinance reads:
“BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SUNRISE, FLORIDA:
Section 1. That the Code of the City of Sunrise, Florida, is hereby amended by *687 adding a section to be numbered 19-1(b)(1), which said section reads as follows:
Sec. 19-l(b)(l). The term ‘density’ as used herein shall be defined as the number of dwelling units permitted to be constructed per acre of land, exclusive of roads, rights-of-way and other portions of said lands dedicated to public use. The term ‘gross acre’ as used herein shall mean a plot of land having a minimum of 43,560 square feet. The term ‘gross area’ as used herein shall mean all of the contiguous territory included in the site development plan to which title is held by the developer. No zone shall be developed to a density exceeding the following maximum limit:

Section 2. It is hereby determined by the City Council that the passage of this Ordinance setting forth density limitations is an emergency measure, due to the rapid growth and development of lands located within the City, and any requirement for the reading of this Ordinance on two separate days be and the same is hereby waived.
Section 8. This Ordinance shall take effect immediately upon its passage.” There is no provision in this ordinance to except the land to be deeded to Appellant by Appellee. However when the parties became aware of this change affecting their contract they visited the City and obtained a letter from its Mayor giving an opinion that the new ordinance does not affect the land to be purchased by Appellant from Appellee. This letter is no more than an opinion of the Mayor and as yet has no binding effect on the City. However, relying on this letter the Appellee urges the effect of the ordinance does not apply to the particular land to be sold by it to Appellant. The letter from the Mayor was dated August 9 and was a result of a meeting on July 9. The closing was to be had on August 15. Both before and after the scheduled closing date the buyer made frequent demands for the return of his deposit because the above stated provision of the contract could not be met by the Appellee. On September 17 the City of Sunrise passed another ordinance which stated:
“BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SUNRISE, FLORIDA:
Section 1. That Ordinance No. 57-1 dated and passed on February 4, 1974, which Ordinance changed the Density Limitations for zoning classifications in the City of Sunrise, shall be amended so as to add the following paragraph to the end of Section 1, of said Ordinance:
‘This Ordinance shall not have a retroactive effect, thereby not disturbing Density Limitations prior to the effective date of this Ordinance.’
Section 2. This Ordinance shall take effect immediately upon its passage.”
Altho not stated on its face it is alleged this ordinance was passed for the benefit of these parties.
The question here is whether or not at the time of closing the contract was enforceable by the seller since the density had been changed. We hold that the reclassification materially and adversely affected the contract as it pertains to the buyer and therefore was voidable by him. We do not have the situation as appeared in J. C. Penney Company, Inc. v. Koff, 345 So.2d 732 (Fla. 4th DCA, opinion filed March 18, 1977), where the contract did not have any reference to the number of units but only as to the zoning category.
It may be that the City of Sunrise would be estopped from enforcing the lower density provision in the above set out ordinance because of the letter from the Mayor and the subsequent attempt to define the ordinance. But as was said in Westerlind v. Dehon, 326 So.2d 24 (Fla.4th DCA 1976).
“A purchaser can not be made to accept the property when he may have to *688 litigate to obtain that property in the condition for which he contracted.”
The question as to whether or not the City of Sunrise could enforce its ordinance is not at issue here and no one has challenged its validity and it should be taken as valid on its face and enforceable.
Judgment for the Appellee is reversed with directions to enter judgment for the Appellant.
REVERSED and REMANDED with direction.
MAGER, J., and KANEY, FRANK N., Associate Judge, concur.