ANSTEAD, Judge.
At issue on appeal is whether the enactment of a governmental moratorium on commercial construction constitutes adequate grounds for the recision of an execu-tory contract, wherein the seller warrants the commercial zoning of the property and the absence of governmental restrictions or prohibitions interfering with the use of the property under such commercial zoning.
On January 17, 1979, appellant, Murray Goodman, entered into a contract with William Polan for the purchase of an unimproved lot in the town of Palm Beach. Goodman deposited $45,000 of the $450,000 purchase price. At the time of the contract’s execution, the property was zoned CA-Commercial. The contract contained the following pertinent provisions:
1. Seller represents that the property can be used for the following purposes: CA-Commercial.
* * * * J|c *
8. RESTRICTIONS AND EASEMENTS: The buyer shall take title subject to (a) Zoning and/or restrictions and prohibitions imposed by governmental authority, (b) Restrictions and matters appearing on the plat and/or common to the subdivision, (c) Public utility easements record, provided said easements are located on the side or rear lines of the property and are not more than six feet in width, (d) Other... None... Further provided that none of the foregoing interferes with the use of the property for the purposes as stated in this contract.
(Emphasis added)
On February 13,1979, thirteen days prior to the closing date designated in the contract, the• Palm Beach Town Council enacted Emergency Ordinance No. 5-79, which declared a moratorium on the construction of commercial buildings of any description as set forth in the list, of permitted uses in CA commercial zoning districts. This moratorium remained in effect through the scheduled closing date.
On February 14, 1979, Goodman advised Polan that he did not believe he was bound *964 to go forward with the closing because of the moratorium ordinance and requested the return of his deposit. Polan refused and this action by Goodman followed. The trial court held that Goodman was not entitled to the return of his deposit.
Goodman contends that the court erred in construing paragraphs 1 and 8 of the contract to mean that the purchaser would be excused from performance only if the zoning classification on the property was actually changed. He contends that the moratorium had the same practical effect as a zoning change. We agree.
Both parties rely on previous decisions from this court. Goodman cites Evenline Construction Corporation v. Miller’s Plantation Development Company, 349 So.2d 686 (Fla. 4th DCA 1977), cert. denied 357 So.2d 186 (Fla.1978), and Polan cites J. C. Penney Company, Inc. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977). In the Evenline case, we held that a purchaser was entitled to terminate the contract and to the return of any deposit where the seller had specifically represented that the property was zoned under a classification which permitted a certain number of residential units per acre and subsequently, before closing, the property was rezoned to a less dense category. The number of units permitted under the zoning category involved was set out in the representation. In the J. C. Penney case, the representation of the seller only alluded to the zoning category without reference to the number of units per acre permitted under such category, and a subsequent reduction in density under the same zoning category enacted before closing was held not to conflict with the seller’s representations. Neither of these cases is controlling.
Here, it is obvious that the parties intended that any loss arising from a zoning reclassification to non-commercial uses would be shifted to Polan. The provisions of paragraph 1 and paragraph 8 clearly and unambiguously warranted that at the time of closing the property could be used for commercial purposes as provided in zoning category CA-Commercial. However, under the moratorium ordinance in effect at the time of closing, the property could not be used of for any such commercial purposes. The ordinance operated to bar commercial construction just as effectively as if the property had been rezoned to another category which prohibited commercial construction. Polan contends that he warranted only that the property would be zoned commercial and that since the property remained technically zoned commercial at the time of closing, he has not breached his warranty. This contention may have some appeal in form but it is completely lacking in substance. We agree that the warranty here may not have been a warranty of a specific use, such as was involved in Evenline, supra. But however broadly or narrowly we construe the warranty, the fact remains that the moratorium prohibited all commercial uses under the commercial zoning.
Accordingly, the judgment of the trial court is reversed with directions for further proceedings consistent herewith.
HURLEY, J., and WARREN, LAMAR, Associate Judge, concur.